UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LIBERTY MUTUAL INSURANCE COMPANY,

                    Plaintiff,

     -against-

HARVEY GERSTMAN ASSOCIATES, INC.,
GERSTMAN COMMUNICATIONS LLC,
GERSTMAN LLC, HGA QUEST INC., and
QUEST COMMUNICATIONS, INC.,

                    Defendants.
---------------------------------------------------------------X

HARVEY GERSTMAN ASSOCIATES, INC.,
GERSTMAN COMMUNICATIONS LLC,
GERSTMAN LLC, HGA QUEST INC., and
QUEST SERVICE GROUP, LLC,

                    Third-Party Plaintiffs,

     -against-

USI HOLDINGS CORPORATION,

                  Third-Party Defendant.
---------------------------------------------------------------X

**ORDER**
**CV-11-4825(SJF)(ETB)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    OCT 24 2012    ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I.     Background

On October 4, 2011, plaintiff Liberty Mutual Insurance Company ("plaintiff") filed a complaint against defendants Harvey Gerstman Associates, Inc., Gerstman Communications LLC, Gerstman LLC, HGA Quest Inc. and Quest Service Group, LLC, i/s/h as Quest Communications, Inc. (collectively, "the Gerstman parties") pursuant to this Court's diversity

1

jurisdiction under 28 U.S.C. § 1332. On December 2, 2011, the Gerstman parties filed: (a) an answer to the complaint and six (6) counterclaims against plaintiff and (b) a third-party complaint against third-party defendant USI Holdings Corporation ("USI") alleging claims seeking damages for negligent misrepresentation and fraud in the inducement, contribution and indemnification. On or about January 30, 2012, plaintiff voluntarily withdrew all of its claims against the Gerstman parties, as a result of which only the Gerstman parties' counterclaims against plaintiff and third-party claims against USI remain. On February 13, 2012, USI filed an answer to the third-party complaint.

On April 26, 2012, plaintiff moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the counterclaims against it. By electronic order entered June 20, 2012, plaintiff's motion was referred to Magistrate Judge E. Thomas Boyle for a report and recommendation in accordance with 28 U.S.C. § 636(b). The Gerstman parties subsequently cross-moved pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to amend their answer and counterclaims. On September 13, 2012, Magistrate Judge Boyle issued a Report and Recommendation ("the Report") recommending that plaintiff's motion be granted and the counterclaims be dismissed, and that the Gerstman parties' cross motion for leave to amend their answer and counterclaims be denied. No objections have been filed to the Report. For the reasons stated herein, the Court accepts Magistrate Judge Boyle's Report in its entirety and *sua sponte* dismisses the third-party complaint.

II.   The Report

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

No party has filed any objections to Magistrate Judge Boyle's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Boyle's Report in its entirety and adopts the Report as an order of the Court. Plaintiff's motion to dismiss the counterclaims against it is granted and the counterclaims are dismissed in their entirety with prejudice. Accordingly, the only claims that remain in this action are the Gerstman parties' third-party claims against USI.[1]

---

[1] The pending application seeking oral argument on plaintiff's motion to dismiss (Doc. No. 45) is denied as moot.

3

III.  Third-Party Claims

Federal courts are courts of limited jurisdiction, see Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil, 545 U.S. at 552, 125 S.Ct. 2611 (holding that federal courts may not exercise jurisdiction absent a statutory basis); Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding that federal courts "possess only that power authorized by Constitution and statute * * *."); County of Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 91 (2d Cir. 2009) (holding that federal courts lack power to disregard the limits on their jurisdiction imposed by the Constitution or Congress). Lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to subject matter jurisdiction * * * may be raised at any time."); Ametex Fabrics, Inc. v. Just In Materials, Inc., 140 F.3d 101, 105 (2d Cir. 1998) (holding that courts have a duty to determine *sua sponte* whether subject matter jurisdiction exists, including the issue of whether the district court has supplemental jurisdiction over a third-party action after the main action has been settled). If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009).

This Court has jurisdiction over the original action based upon the diversity of citizenship between plaintiff and the Gerstman parties. See 28 U.S.C. § 1332(a). However, for the reasons set forth below, this Court does not have original subject matter jurisdiction over the third-party complaint.

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting Mollan v. Torrance, 22 U.S. 537, 6 L.Ed. 154, 9 Wheat. 537, 539 (1824)); see also Rockwell Intern. Corp. v. U.S., 549 U.S. 457, 473, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007). This "time-of-filing" rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing [of the third-party complaint]- whether the challenge [to jurisdiction] be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo, 541 U.S. at 570-571, 124 S.Ct. 1920; see also Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 329 (2d Cir. 2001) ("The existence of federal jurisdiction over a case initially filed in federal court ordinarily depends on the facts as they stood when the complaint was filed.") Since jurisdiction is measured as of the time the third-party complaint was filed, events occurring subsequently are irrelevant to a determination of subject matter jurisdiction.

Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." Lincoln Property Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005); see also Herrick Co., 251 F.3d at 322 ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."); E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998) (accord). A corporation is "deemed

5

to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *." 28 U.S.C. § 1332(c)(1); see Bayerische Landesbank, New York Branch v. Aladdin Capital Management, LLC, 692 F.3d 42, 48 (2d Cir. 2012); see also In re Balfour MacLaine International Ltd., 85 F.3d 68, 76 (2d Cir. 1996) ("A corporation has dual citizenship for purposes of a federal court's diversity jurisdiction under 28 U.S.C. § 1332; namely, it is a citizen of the state of its incorporation and of the state where it has its principal place of business.") Accordingly, in order for there to be complete diversity of citizenship, a corporate plaintiff cannot be incorporated, nor have its principal place of business, in the same state in which any defendant is a citizen at the time the action is filed. Drake v. Laboratory Corp. of America Holdings, 323 F.Supp.2d 449, 451 (E.D.N.Y. 2004); see also IGY Ocean Bay Properties, Ltd. v. Ocean Bay Properties I Ltd., 534 F.Supp.2d 446, 449 (S.D.N.Y. 2008) (holding that "[t]here is no warrant for the Court, no more than there is for either side of the parties, to pick and choose and to look solely at the principal place of business or solely at the state of incorporation to determine that diversity exists.") Thus, for purposes of diversity jurisdiction, at the time the third-party action was commenced, the Gerstman parties were all citizens of the State of New York, where they were incorporated and had their principal places of business, (Third Party Complaint, ¶¶ 1-3), and USI, although incorporated in the State of Delaware, was also a citizen of the State of New York because that is where it had its principal place of business. (Third Party Complaint, ¶ 7).

Although this Court does not have original jurisdiction over the third-party complaint, it does have supplemental jurisdiction over it, see 28 U.S.C. § 1367(a); Highland Capital Management L.P. v. Schneider, 485 F.3d 690, 693 (2d Cir. 2007); Bank of India v. Trendi

6

Sportswear, Inc., 239 F.3d 428, 436-37 (2d Cir. 2000), which is not defeated by the dismissal of all claims in the main action over which the Court has original subject matter jurisdiction. See Dery v. Wyer, 265 F.2d 804, 807-08 (2d Cir. 1959) (holding that federal district courts have ancillary jurisdiction over a third-party action once federal jurisdiction over the subject matter of the main action attaches, notwithstanding the absence of independent jurisdictional grounds for the third-party action, and that such ancillary jurisdiction over the third-party action is not lost when the main cause of action is resolved). Accordingly, upon dismissal of all claims in the main action, this Court has the discretion either to dismiss the third-party complaint or exercise supplemental jurisdiction over it. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim * * * if– * * * (3) the district court has dismissed all claims over which it has original jurisdiction."); Ametex Fabrics, 140 F.3d at 105 (holding that district courts have the discretion to decline to exercise supplemental jurisdiction over a third-party complaint when the claims in the main action have been resolved); Paliaga v. Luckenbach Steamship Co., 301 F.2d 403, 410 (2d Cir. 1962) (recognizing "that a district court * * * ha[s] discretion to hear or dismiss a third party complaint); Dery, 265 F.2d at 809 (recognizing that "there are a number of cases holding that a court * * * may in its discretion dismiss the third-party complaint * * * [or] retain[] jurisdiction.")

In considering whether to exercise its supplemental jurisdiction, the court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, [and] fairness, * * *." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); see also Oneida Indian Nation of New York v. Madison County, 665 F.3d 408, 437 (2d Cir. 2011); Ametex Fabrics, 140 F.3d at 105 (citing Purgess v.

7

Sharrock, 33 F.3d 134, 138 (2d Cir. 1994)).

In light of the dismissal of all claims in the main action, over which this Court has original jurisdiction, and upon consideration of all relevant factors , i.e., judicial economy, convenience and fairness, including, *inter alia*, the fact that the third-party complaint was filed less than one (1) year ago; USI filed its answer to the third-party complaint less than nine (9) months ago; there have been no formal discovery proceedings to date; and no discovery schedule has been entered in this case after the filing of the third-party complaint, I decline to exercise supplemental jurisdiction over the third-party complaint. Accordingly, the third-party complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

SO ORDERED.                          s/ Sandra J. Feuerstein

                                     _____
                                     SANDRA J. FEUERSTEIN
                                     United States District Judge

Dated: October 24, 2012
       Central Islip, New York